UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRI-MESSINE CONSTRUCTION CORP.,

                Plaintiff,

      -against-                                **MEMORANDUM & ORDER**
                                                  17-CV-455(PKC)(RML)

PAVERS AND ROAD BUILDERS DISTRICT
COUNCIL PENSION FUND AND ITS
TRUSTEES,

                Defendants.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

Before the Court is Defendants' Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d) and 29 U.S.C. § 1451(e). For the reasons stated herein, it is ordered that Defendants be awarded $20,505.25 in attorneys' fees.

## BACKGROUND

The Court assumes the parties' familiarity with the facts in this case and thus recites them only to the extent relevant to the Court's analysis.

On January 27, 2017, Plaintiff filed the instant action to vacate an arbitration award. (Dkt. 1.) The sole basis for Plaintiff's complaint was that this Court's decision in *Hoeffner v. D'Amato*, No. 09-CV-3160 (PKC)(CLP), 2016 WL 8711082 (E.D.N.Y. Sept. 30, 2016), was incorrectly decided. (*Id.* at ¶¶ 12-24.) No action was taken between the filing of the complaint and December 12, 2017, when Judge Bianco requested a status report from Plaintiff. (12/12/17 Entry.) On December 27, 2017, Plaintiff filed a status report stating that "[s]ervice of the Summons and Complaint upon Defendant[s] was effected on December 27, 2017"—exactly eleven months after the complaint was filed. (Dkt. 6.) The summons was returned executed the following day. (Dkt. 7.)

On January 17, 2018, Defendants filed a letter requesting, pursuant to Eastern District Business Rule 50.3.1(d), that this case be marked "related" to two other cases before this Court: *Hoeffner* and *Palumbo, et al. v. Fasulo, et al.*, No. 09-CV-797 (PKC). (Dkt. 12.) Defendants filed a second letter making the same request on January 19, 2018. (Dkt. 14.) In its letters, Defendants stated that Plaintiff agreed that the instant action was related to *Hoeffner*. (Dkt. 12, at 1; Dkt. 14, at 2.) On January 22, 2018, it was decided that the cases should be marked related, and that this action should be transferred from Judge Bianco to this Court. (1/22/18 Entry; 1/23/18 Entry.)

On February 20, 2018, Defendants filed a letter requesting a pre-motion conference to dismiss this case pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5), and 12(b)(6). (Dkt. 19.) Defendants argued that the complaint should be dismissed for failure to timely serve the summons and complaint or, in the alternative, because this case was "identical to the legal issue" rejected by this Court in *Hoeffner*. (*Id.*) Plaintiff responded on February 26, 2018 by conceding that the summons and complaint was served after the ninety-day deadline under Fed. R. Civ. P. 4(m), but arguing that the Court should exercise its discretion to extend the service deadline. (Dkt. 21.) Plaintiff, however, did not oppose the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*Id.* at 2.) On March 1, 2018, the Court advised the parties that it would construe Defendants' letter as a motion to dismiss and Plaintiff's responsive letter as opposition. (3/1/18 Entry.) Defendants filed a supplemental letter in support of their motion to dismiss on April 2, 2018. (Dkt. 24.) The Court held oral argument on April 24, 2018, at which Plaintiff's complaint was dismissed pursuant to Fed. R. Civ. P. 4(m) and 12(b)(6). (Oral Argument Transcript ("Tr."), Dkt. 28-4, 18:21-19:2.) The instant motion followed. (Dkt. 27.)

## DISCUSSION

### A. *Miles* Test

The Court uses the five-factor *Miles* test to determine whether an award of fees is justified in this case. These factors are:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action sought to confer a common benefit on a group of pension plan participants.

*Anita Found., Inc. v. ILGWU Nat. Ret. Fund*, 902 F.2d 185, 188 (2d Cir. 1990) (quoting *Miles v. New York State Teamsters Conference, Pension and Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 602 n.9 (2d Cir.), *cert. denied*, 464 U.S. 829 (1983)). This test "provides sufficient latitude to review a fee request by allowing courts to consider which party is requesting fees, assess the relative culpability of the parties and address the potential deleterious effect of a fee award." *Id.* The Second Circuit has held that judges should "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

Plaintiff concedes the second factor (Pl.'s Br., Dkt. 33, at 10), and the Court finds that the fifth factor is not relevant to the Court's analysis. The remaining three factors clearly weigh in Defendants' favor. To be clear, the Court is not penalizing Plaintiff for asking that the Court exercise its discretion under Fed. R. Civ. P. 4(m) to extend the service deadline, that is its prerogative. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). However, the arguments, both written and oral, made in support of the motion "just scream[ed] . . . that there [was] no good reason" for Plaintiff's failure to serve the complaint, "other than some very penny-wise, pound foolish thinking". (Tr. 16:3-6.) Throughout the course of the litigation, Plaintiff's

3

excuses for not serving Defendants ranged from the foolish to the absurd, including, *inter alia*, that: (1) Judge Bianco, *sub silentio*, granted an extension by asking for a status report (Tr. 4:6-15, 5:21-6:11); (2) Plaintiff abstained from effecting service to avoid "costly litigation that may not be necessary" (Dkt. 25, at 1); and (3) "Defendants or their counsel would have been aware of an action initiated against them through docket monitoring services" even though they had not been served (*id.* at 3). In light of the circumstances of this case, the Court finds that the Defendants are entitled to reasonable attorneys' fees. (*See* Tr. 16:11-18 (THE COURT: "[The Court does not] see any reason to excuse . . . the clear delinquency here and . . . a willful failure to comply with the rule knowing . . . the clock was ticking, what the rule was, and deciding that [Plaintiff] was just waiting to see what might happen on its own spontaneously and putting the burden on the court to move the case along. That's not a responsible attitude and [the Court] can't condone that.").)

### B. Excessive Fees

Although the Court finds that Defendants are entitled to an award of attorneys' fees, the Court finds that the requested fees are excessive.

"Generally, fee awards are calculated by multiplying the hours reasonably expended by a reasonable hourly rate." *Anita*, 902 F.2d at 191. If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "A district court is not, however, required to set forth item-by-item findings concerning what may be countless objections to individual billing items and may either subtract uncompensable hours or use percentage reductions to eliminate excessive or duplicative hours." *Marshall v. Reisman*, No. 11-CV-5764 (ARR)(VVP), 2013 WL 1563335, at *4 (E.D.N.Y. Mar. 25, 2013), *report and recommendation adopted*, No. 11-CV-5764, 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013) (internal citations and quotations omitted).

Defendants request $41,010.50 in attorneys' fees for 168.5 hours of attorney time and 10.2 hours of paralegal time. (Dkt. 28, ¶ 6; Dkt. 28-1.) As Plaintiff correctly argues, "[t]his is an exorbitant amount of time" for work that consisted primarily of letter briefing—specifically, Defendants' two letters asking the Court to designate the cases as related (Dkts. 12, 14), and two letters, totaling nine pages, in support of their motion to dismiss (Dkts. 19, 24)—and oral argument on a single motion to dismiss based on Plaintiff's failure to timely serve Defendants. (Pl.'s Br., at 11.) The issues of relatedness and proper service are basic propositions of law and did not require the dozens of hours of research and writing that Defendants undertook. (*See generally* Dkt. 28-1.) As the Second Circuit found in affirming the district court's fee reduction in *Husain v. Springer*, "Appellants' litigation established no new principle of law. To the contrary, their litigation concerned a 'straightforward' application of existing law, calling into question their attorney's enormous expenditure of time." 579 F. App'x 3, 6 (2d Cir. 2014).

This is particularly true here, where Defendants spent more than 20 hours preparing their related case letters despite the fact that, as stated in said letters, Plaintiff agreed that its action was related to *Hoeffner*.[1] (Dkt. 12, at 1; Dkt. 14, at 2.) In addition, defense counsel billed more than 80 hours preparing their three-page letter requesting a pre-motion conference (Dkt. 19) and six-page supplement (Dkt. 24), even though Plaintiff agreed that Defendants' motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Pl.'s Br., at 11) and the only disputed issue was whether the Court should exercise its discretion pursuant to Fed. R. Civ. P. 4(m) to extend the service deadline. The Court also notes that Ms. Mehlsack, a partner at her firm, spent 17.2 hours,

---

[1] Indeed, the sole substantive issue presented in this case was simple: Plaintiff alleged that this Court's decision in *Hoeffner*, which was successfully briefed by the same defense attorneys as in this case, was wrongly decided. In fact, Plaintiff joined in Defendants' request that the Court grant the motion to dismiss so that it could expeditiously appeal this Court's *Hoeffner* decision to the Second Circuit. (Dkt. 21, at 2; Tr. 17:23-18:10.)

comprising more than one-third of her total billable time in this case, doing research, which "can and should be delegated to associates and not conducted by partners at the highest billing rates." *New Earthshell Corp. v. Jobookit Holdings Ltd.*, 14-CV-3602 (JMF), 2015 WL 2152681, at *2 (S.D.N.Y. May 7, 2015), *vacated and remanded on other grounds*, 634 F. App'x 44 (2d Cir. 2015); *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 301-02 (S.D.N.Y. 2001).

In light of the excessive hours billed in this case, the Court applies a 50% across-the-board reduction in fees.

## CONCLUSION

For the reasons stated above, it is ordered that Defendants be awarded $20,505.25 in attorneys' fees. The Clerk of the Court is respectfully requested to enter judgment. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 28, 2018
       Brooklyn, New York